UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM B. COLEMAN CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5892** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.** | **SECTION "O"** |

### ORDER AND REASONS

Before the Court in this first-party-insurance case is the motion[1] of Defendants[2] to compel arbitration and stay Plaintiff William B. Coleman Co., Inc.'s lawsuit under the Convention on the Recognition of Foreign Arbitral Awards ("Convention"), 9 U.S.C. §§ 201–208, and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16. Plaintiff principally rejoins that the arbitration agreement in Defendants' insurance policy is invalid under a Louisiana law that generally bars arbitration agreements in insurance contracts. *See* LA. STAT. ANN. § 22:868. Because Section 22:868 "is preempted by the Convention," however, Section 22:868 "does not and cannot apply to [Defendants'] policy." *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Br.*, 923 F.3d 427, 432 (5th Cir. 2019). Moreover, each element required to compel arbitration under the Convention is met. Accordingly, for these reasons and those that follow, the motion to compel arbitration is **GRANTED**.

---

[1] ECF No. 8.

[2] Defendants are Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity Company of Arizona, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company

## I.  BACKGROUND

This first-party-insurance case arises from Defendants' alleged bad-faith handling of Plaintiff's claim under a surplus lines commercial property insurance policy for damage that Plaintiff's property allegedly suffered during Hurricane Ida.[3]

Plaintiff owns property located at 4001 Earhart Blvd., New Orleans, Louisiana, 70125.[4] Defendants insured Plaintiff's property under a surplus lines commercial property insurance policy bearing Account No. 809210 (the "Policy").[5] The Policy contains a provision that requires arbitration of "[a]ll matters in difference between the Insured and the Companies . . . in relation to this insurance . . . ."[6] Under the Policy, "[t]he seat of the Arbitration shall be in New York[,] and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance."[7]

Plaintiff submitted a claim under the Policy for damage that Plaintiff's property allegedly suffered during Hurricane Ida.[8] Plaintiff alleges that "Defendants' adjustment of the [c]laim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs" to the property.[9] Plaintiff further alleges that Defendants failed "to tender adequate insurance proceeds" "[d]espite receiving satisfactory proof of loss,"[10] and that Defendants "fail[ed] to comply with

---

[3] *See generally* ECF No. 1-2 at ¶¶ 1–50.
[4] *Id.* at ¶ 14.
[5] *See generally* ECF No. 8-2 .
[6] ECF No. 8-2 at 38 (§ VII(C)). Per the Policy's declarations page, "the Insured" is Plaintiff William B. Coleman Co., Inc. *See id.* at 1. Under the Policy, the words "Underwriters, Insurers, and Companies" "shall be synonymous with each other." *See id.* at 47 (quotation omitted). Per the Policy's declarations page, Defendants are "the Insurers." *See id.* at 1.
[7] *Id.* at 38 (§ VII(C)).
[8] ECF No. 1-2 at ¶ 19.
[9] *Id.* at ¶ 22.
[10] *Id.* at ¶ 25.

2

the terms of [their] own Policy."[11] Ultimately, Plaintiff sued Defendants in state court for breach of the Policy and for bad faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[12] Defendants removed the case to this Court under the Convention.[13] *See* 9 U.S.C. § 205. Invoking both the Convention and the FAA, Defendants moved to compel arbitration and stay this litigation.[14] Plaintiff opposes.[15]

## II. ANALYSIS

Defendants move the Court to compel Plaintiff to arbitrate Plaintiff's breach-of-contract and bad-faith claims under the Convention and to stay this litigation pending arbitration.[16] Defendants contend that Plaintiff's claims come within the Policy's arbitration provision and that each element required to compel arbitration under the Convention is met.[17] Plaintiff rejoins that the arbitration agreement is "invalid and unenforceable" under Section 22:868 of the Louisiana Revised Statutes.[18]

Defendants have shown that Plaintiff should be compelled to arbitrate its breach-of-contract and bad-faith claims under the Convention. "The Convention is an international treaty that provides citizens of signatory countries the right to enforce arbitration agreements." *Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 729 (5th Cir. 2024) (per curiam). "Its purpose is 'to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and

---

[11] *Id.* at ¶ 27.
[12] *Id.* at ¶¶ 33–37 (breach of the Policy) & ¶¶ 38–47 (bad faith).
[13] ECF No. 1.
[14] ECF No. 8.
[15] ECF No. 10.
[16] ECF No. 8 at 1.
[17] ECF No. 8-1 at 1–25.
[18] ECF No. 10 at 1–12.

to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in signatory countries.'" *Id.* at 729–30 (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974)). The FAA "codifies the Convention, providing that it 'shall be enforced in United States courts in accordance with [the FAA's terms].'" *Id.* at 730 (brackets in original) (quoting 9 U.S.C. § 201).

To decide if the Convention requires Plaintiff to arbitrate its claims, the Court "conduct[s] only a very limited inquiry." *Id.* (internal citation and quotation marks omitted). That "very limited inquiry" requires the Court to "compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (internal citation and quotation marks omitted). "Once these factors are met," the Court "must order arbitration unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (brackets in original) (internal citation and quotation marks omitted).

Each element is met here. The first element is met because the Policy contains a written arbitration agreement that covers Plaintiffs' claims. The Policy requires arbitration of "[a]ll matters in difference. . . in relation to this insurance . . . ."[19] And Plaintiff's breach-of-contract and bad-faith claims qualify as "matters in difference . . . in relation to this insurance" because Plaintiff's claims stem from Defendants' alleged breach of the Policy and alleged mishandling of the claim Plaintiff submitted

---

[19] ECF No. 8-2 at 38 (§ VII(C)).

4

under the Policy.[20] The second element is met because the Policy requires arbitration in New York,[21] "which is located in a Convention signatory nation." *Bufkin Enters., L.L.C.*, 96 F.4th at 730. The third element is met because the Policy's arbitration agreement arises out of an insurance contract, which is a commercial legal relationship. *See id.* (concluding the third element was met in arbitration agreement contained in insurance policy). And the fourth element is met because parties to the Policy include Certain Underwriters at Lloyds, London, which consists of syndicates organized under the laws of, and having their principal places of business in, the United Kingdom, as well as HDI Global Specialty SE, a citizen of Germany.[22]

Accordingly, because all four elements are met, the Court "must order arbitration unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (brackets in original) (internal citation and quotation marks omitted). Plaintiff contends that the Court should not enforce the arbitration agreement for four principal reasons. None persuades.

First, Plaintiff contends that the arbitration agreement is "invalid" under Section 22:868 of the Louisiana Revised Statutes.[23] Not so. "The Convention is an exception to Louisiana's general bar on policy terms that deprive its state courts of jurisdiction and venue in actions against insurers." *Id.* at 732 (citing LA. STAT. ANN. § 22:868). Section 22:868 "is preempted by the Convention," so "the statute does not and cannot apply to [the] [P]olicy." *McDonnel Grp., L.L.C.*, 923 F.3d at 432.

---

[20] ECF No. 1-2 at at ¶¶ 33–37 (breach of the Policy) & ¶¶ 38–47 (bad faith).
[21] ECF No. 8-2 at 38 (§ VII(C)).
[22] *Id.* at 1.
[23] ECF No. 10 at 1, 11.

Second, Plaintiff contends that the Court should not compel arbitration until the Supreme Court of Louisiana answers a certified question from another section of this Court about Section 22:868(D)'s application to arbitration clauses in surplus-lines insurance contracts.[24] This argument fails because "[Section] 22:868's impact is not a live issue in this dispute." *Bufkin Enters., L.L.C.*, 96 F.4th at 733. Indeed, Section 22:868 "does not come into play" in this Convention case because "[t]he Convention is an exception to" Section 22:868's "general bar on policy terms that deprive its state courts of jurisdiction and venue in actions against insurers," *id.* at 732 (citing LA. STAT. ANN. § 22:868), and the Fifth Circuit "has already held that [Section] 22:868 does not reverse preempt the Convention because the McCarran–Ferguson Act does not apply to treaties," *id.* (citing *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 718 (5th Cir. 2009) (en banc)).

Third, Plaintiff contends that the Court should apply Second Circuit precedent because the Policy's choice-of-law provision directs application of New York law.[25] It is true that the Policy provides that "*the Arbitration Tribunal* shall apply the law of New York as the proper law of this insurance."[26] But the Policy's selection of New

---

[24] *Id.* at 6, 11 (citing *Southland Circle, LLC v. Indep. Specialty Ins. Co.*, No. 23-CV-855, 2023 WL 6450425, at *1–3 (E.D. La. July 17, 2023)). The Supreme Court of Louisiana denied certification in the case Plaintiff references. *See Southland Circle, LLC v. Indep. Specialty Ins. Co.*, 2023-0090, p. 1 (La. 10/3/23); 370 So. 3d 1047 (Mem.). But the Supreme Court of Louisiana recently accepted certification of a related question: whether Subsection (D) of Section 22:868 "implicitly repealed Subsection A's long-standing prohibition of arbitration clauses in all insurance policies in Louisiana." *See Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, No. 2:24-CV-00342, 2024 WL 1545135, at *2 (W.D. La. Apr. 9, 2024), *certified question accepted*, 2024-00449 (La. 6/19/24); 386 So. 3d 306. The Supreme Court of Louisiana's resolution of that question is not dispositive of Defendants' motion to compel arbitration because this case is covered by the Convention and so Section 22:868 "does not and cannot apply" to the Policy. *McDonnel Grp., L.L.C.*, 923 F.3d at 432.

[25] *Id.* at 6–7.

[26] ECF No. 8-2 at 38 (§ VII(C)).

6

York substantive law to govern the Arbitration Tribunal's interpretation of the Policy does not empower the Court to disregard binding Fifth Circuit precedent interpreting the FAA, the Convention, or Section 22:868 in favor of Second Circuit precedent the Fifth Circuit has explicitly rejected. *See Safety Nat'l Cas. Corp.*, 587 F.3d at 731.

Fourth and finally, Plaintiff contends that the Court should follow the dissenting opinion in *Safety National* and hold that the McCarran-Ferguson Act reverse-preempts the FAA.[27] The Court declines Plaintiff's invitation to overrule the en banc Fifth Circuit's opinion in *Safety National*. *Cf. In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789–90, 94 (5th Cir. 2021) (observing that "[t]he district court was not free to overturn" published Fifth Circuit precedent); *F.D.I.C. v. Abraham*, 137 F.3d 264, 270 (5th Cir. 1998) (concluding that "the district court correctly determined that it was constrained by" published Fifth Circuit precedent).

\* \* \*

In sum, the Convention requires the Court to compel arbitration of Plaintiff's claims against Defendants because each of the elements necessary to compel arbitration under the Convention is met, and the arbitration agreement in the Policy is not "null and void, inoperative or incapable of being performed." *Bufkin Enters., L.L.C.*, 96 F.4th at 730 (internal citation and quotation marks omitted).[28]

---

[27] ECF No. 10 at 9–11.
[28] Because the Court concludes that the Convention requires Plaintiff to arbitrate its claims, and because Plaintiff has not disputed (1) that, under binding Fifth Circuit precedent, the Convention applies, or (2) that there is "one overarching [arbitration agreement] to which all the insurers [are] parties," *Bufkin Enters., L.L.C.*, 96 F.4th at 730, the Court need not address Defendants' alternative arguments for compelling arbitration. *See* ECF No. 8-1 at 14–25.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion[29] to compel arbitration and stay proceedings is **GRANTED**. Plaintiff and Defendants are compelled to arbitrate Plaintiff's claims in accordance with the terms of the Policy's arbitration agreement. This action is **STAYED** pending arbitration. *See* 9 U.S.C. § 3. The Clerk's Office is respectfully directed to close this case for administrative and statistical purposes.

New Orleans, Louisiana, this 29th day of July, 2024.

BRANDON S. LONG<br>
UNITED STATES DISTRICT JUDGE

---

[29] ECF No. 8.